EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ex Parte:<br><br>Asociación de Periodistas de Puerto Rico (ASPRO), El Taller de Fotoperiodismo, Inc., la Asociación de Fotoperiodistas de Puerto Rico y El Overseas Press Club | 2014 TSPR 10<br><br>190 DPR ____ |

Número del Caso: MC-2014-35

Fecha: 30 de enero de 2014

Abogado de los Peticionarios:

      Lcdo. Carlos E. Díaz Olivo

Materia: Resolución del Tribunal con Votos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte:

Solicitud de la Asociación        MC-2014-035
de Fotoperiodistas de
Puerto Rico, *et al.*

RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de enero de 2014.

El 28 de enero de 2014, la Asociación de Periodistas de Puerto Rico, el Taller de Fotoperiodismo, Inc., la Asociación de Fotoperiodistas de Puerto Rico y el Overseas Press Club (Asociación de Periodistas y otros) comparecieron ante nos mediante *Petición especial de autorización para el uso de cámaras fotográficas y equipo audiovisual en los procesos judiciales al amparo de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico y del poder inherente y constitucional de la Rama Judicial para regular sus procedimientos*. Solicitaron que autoricemos la grabación y transmisión por cámaras fotográficas y equipo audiovisual de la vista de sentencia pautada para el 6 de febrero de 2014 en el caso Pueblo v. Casellas Toro.

Su petición reseña la enmienda al Canon 15 de Ética Judicial, 4 L.P.R.A. Ap. IV-B, y cómo la Rama Judicial ha tomado medidas afirmativas que viabilizan el acceso de los ciudadanos a los desarrollos de los procesos judiciales mediante una cobertura más amplia de los mismos. Una vez más, los gremios periodísticos identifican como logros de esta iniciativa la autorización del uso de cámaras fotográficas y equipo audiovisual en la Sala de Recursos Extraordinarios del Centro Judicial de San Juan, así como la transmisión en vivo del acto de lectura de sentencia

en el caso Pueblo v. Malavé. Véase, Ex parte: Asociación de Periodistas de Puerto Rico, 2013 T.S.P.R. 127, 189 D.P.R.___ (2013). Por último, aducen que la petición se presenta portunamente.

Por otro lado, el Sr. Jose Cancela, Presidente y Gerente General de Telemundo de Puerto Rico, compareció mediante una misiva en la cual solicita que se permita acceder a la sala con sus cámaras y equipo, para poder transmitir en vivo la vista de sentencia. Fundamenta su petición en lo exitosa que han sido las iniciativas recientes de transmitir procedimientos judiciales.

Examinadas ambas peticiones, se autoriza, a modo de excepción, la cobertura y transmisión de la referida vista de sentencia según el procedimiento dispuesto a continuación.[1] Resulta determinante el hecho de que estamos en una etapa procesal avanzada, donde ya el jurado deliberó y adjudicó la responsabilidad penal del Sr. Pablo Casellas Toro. También pesa en nuestra decisión, el hecho de que la transmisión de la vista de sentencia en el caso de Pueblo v. Malavé transcurrió sin inconvenientes y el derecho a un juicio justo e imparcial no se vio afectado.

La grabación y transmisión en vivo de la vista se hará a través de un sistema portátil que la Oficina de Prensa y Relaciones con la Comunidad de la Oficina de Administración de los Tribunales (Oficina de Prensa) ha adquirido recientemente para este tipo de transmisión. El mismo permite la instalación de cámaras de video en las salas de los tribunales y la transmisión remota de las imágenes captadas por estas a los distintos medios de comunicación. El Director de la Oficina de Prensa, el Sr. Daniel Rodríguez León, estará encargado de coordinar todo lo relacionado con la grabación y transmisión en vivo de la vista de sentencia mediante este sistema remoto. Todos los interesados deberán coordinar con el señor Rodríguez León para obtener acceso remoto a la transmisión en vivo de la vista.

Por otra parte, a los fines de asegurar la solemnidad y el decoro del proceso judicial, se permitirá únicamente la entrada de dos cámaras de fotografía a ser operadas por un representante de un medio de prensa escrita o digital (internet) y un representante de un medio de televisión respectivamente. El Director de la Oficina de Prensa

---

[1] A diferencia de la solicitud presentada con relación a la lectura del veredicto en caso Pueblo v. Casellas, véase Ex parte: Asoc. De Periodistas de Puerto Rico, 2014 T.S.P.R. ___, 189 D.P.R. ___ (20014), contamos con tiempo suficiente para que la Oficina de Prensa y los medios de comunicación coordinen, de forma ordenada, toda la logística necesaria para este tipo de transmisión.

seleccionará, mediante sorteo, a los medios que podrán tomar fotografías dentro de la sala. Para regular el uso de cámaras fotográficas, hacemos extensivo, de forma excepcional, el Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales (Reglamento). Los gremios periodísticos deberán regirse por las disposiciones pertinentes del Reglamento, siempre y cuando no sean contrarias o incompatibles con lo aquí dispuesto. No se permitirá tomar fotografías mediante el uso de equipo electrónico adicional.

También se permitirá, sujeto a las restricciones impuestas en el Canon 15, *supra*, y en el Reglamento:

1. El uso de grabadoras de audio portátiles sujeto a que su operación sea discreta y silenciosa.

2. El uso de computadoras portátiles, teléfonos celulares, tabletas, entre otros dispositivos electrónicos o equipo similar **para recopilar y transmitir información escrita** a través del internet, siempre que no interfiera con el proceso judicial, su operación sea silenciosa y discreta y **no se utilicen para fotografiar, grabar imágenes o audio, ni para radiodifundir ni televisar.**

Respecto a la petición particular de Telemundo de Puerto Rico de que se le permita utilizar sus cámaras y equipo para realizar la transmisión, esta entidad podrá coordinar con el Director de la Oficina de Prensa para obtener acceso remoto a la transmisión en vivo de la vista.

Recordamos a los medios de comunicación que, por la solemnidad del proceso judicial, deben ceñirse estrictamente a las disposiciones aplicables del Reglamento y a lo aquí dispuesto.

Publíquese y notifíquese por teléfono, electrónicamente, facsímil y por la vía ordinaria.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió un Voto Particular de Conformidad al cual se une el Juez Presidente señor Hernández Denton. La Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón otorgarían un término de veinticuatro (24) horas para que las partes se expresen sobre lo que los peticionarios están solicitando. El Juez Asociado señor Rivera García hace constar la siguiente expresión:

El Juez Asociado señor Rivera García proveería no ha lugar a la solicitud de los peticionarios por las razones que expresó en su Voto Particular Disidente en Ex Parte: Asociación de Periodistas de Puerto Rico, el Taller de Fotoperiodismo, Inc., la

Asociación de Fotoperiodistas de Puerto Rico y el
Overseas Press Club, 2013 T.S.P.R. 137, 189 D.P.R. __
(2013), res. 27 de noviembre de 2013. La petición
presentada por los grupos periodísticos queda fuera
del alcance de la enmienda que aprobamos al Canon 15
de Ética Judicial, 4 L.P.R.A. Ap. IV-B, y del
*Reglamento del Programa Experimental para el Uso de
Cámaras Fotográficas y de Equipo Audiovisual de
Difusión por los Medios de Comunicación en los
procesos Judiciales*. In Re C. 15; Regl. Uso Cámaras
Proc. Jud., 188 D.P.R. 425 (2013). En aquel momento
la decisión unánime de esta Curia fue establecer un
Programa Experimental **exclusivo** para las salas de
recursos extraordinarios del Centro Judicial de San
Juan. Conforme a lo allí dispuesto, al final de ese
periodo, el cual culmina en julio de 2014, el
Tribunal deberá evaluar exhaustivamente la
efectividad del uso de los referidos equipos. Por lo
tanto, resulta prematura cualquier solicitud a los
fines de ampliar lo que autorizamos mediante la
referida resolución, sin antes contar con el
beneficio de una evaluación de ese periodo
experimental.

La Jueza Asociada señora Fiol Matta no intervino. La
Juez Asociada señora Rodríguez Rodríguez no interviene.


                         Aida I. Oquendo Graulau
                       Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex parte:

Asociación de Periodistas de
Puerto Rico (ASPRO), el Taller          MC-2014-035
Fotoperiodismo, Inc., Asociación
de Fotoperiodistas de Puerto
Rico y el Overseas Press Club

Voto particular de conformidad emitido por el Juez Asociado SEÑOR
ESTRELLA MARTÍNEZ al cual se une el Juez Presidente SEÑOR HERNÁNDEZ
DENTON

San Juan, Puerto Rico, a 29 de enero de 2014.

El dictamen que hoy emite este Tribunal amplía la ventana de acceso a la información del Pueblo. Traslada acertadamente las herramientas de trabajo de la prensa dentro de la sala judicial y no detrás de la pequeña ventana a través de la cual decenas de periodistas usualmente se ven precisados a hacer su trabajo de cobertura en vivo. Por entender que, de ordinario, estas puertas deben permanecer abiertas para la vista de sentencia de todo acusado, estoy conforme con la Resolución emitida por este Tribunal en el día de hoy.

## I.

Amparándose en las recientes determinaciones de este Tribunal, una vez más varios gremios periodísticos (prensa) nos solicitan acceso a un procedimiento judicial. En esta ocasión, la prensa nos pide que autoricemos la grabación y transmisión de la lectura de sentencia en el procedimiento judicial que se sigue contra el Sr. Pablo Casellas Toro. Aducen en su petición que la grabación y transmisión de la aludida etapa del proceso judicial no infringirá los derechos constitucionales del señor Casellas Toro, ya que la vista de sentencia es un trámite de carácter procesal. Exponen que debido a que la responsabilidad del imputado fue adjudicada, "lo que resta es la función ministerial del Honorable Juez que preside los procedimientos de informar cuál es su determinación final al respecto". *Petición*, a la pág. 9. Asimismo, bajo el fundamento de que este Tribunal acogió favorablemente una petición similar para cubrir mediáticamente esta misma etapa judicial en el caso Pueblo v. Malavé Zayas, solicitan que se declare con lugar su petición.[2]

Examinada la petición de la prensa, afirmo nuevamente que no tengo reparos en autorizarla. Entiendo que mediante este curso de acción damos pasos firmes y consistentes para seguir avanzando con nuestro plan de brindar mayor

---

[2]*Véase,* Voto particular de conformidad del Juez Asociado señor Estrella Martínez emitido en Ex parte: Asociación de Periodistas de Puerto Rico (ASPRO), el Taller de Fotoperiodismo, Inc., la Asociación de Fotoperiodistas de Puerto Rico y el Overseas Press Club, 2013 T.S.P.R. 127.

acceso al Pueblo a la información que se dilucida en los procesos judiciales. Ello, de una forma organizada, sin amenazar el decoro y la solemnidad que caracteriza los foros judiciales y sin quebrantar las garantías constitucionales que cobijan a todo imputado. De esta forma, cumplimos con el objetivo de brindarle acceso a los procedimientos judiciales a los trabajadores de la prensa que de buena fe se apostan frente a los pasillos de nuestros tribunales en búsqueda de información. A lo anterior se añade el hecho incuestionable de que, como lo afirma la prensa, este Tribunal ya autorizó la grabación y transmisión de la misma etapa de un proceso judicial criminal.[3]

Tal y como lo han hecho en ocasiones anteriores, las organizaciones periodísticas se comprometen a adherirse estrictamente al Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales. Del mismo modo, el Honorable Juez que preside los procedimientos cuenta con los mecanismos para mantener el decoro del foro judicial. Por tanto, no hay razón para denegar la petición de la prensa, más aún en esta particular etapa de los procedimientos criminales.

En fin, los tiempos avanzan y traen consigo mecanismos tecnológicos novedosos que le permiten a la prensa trasmitir información con mayor precisión y agilidad. Por

---

[3]Íd.

tanto, permitamos que estos adelantos, con las salvaguardas antes expuestas, constituyan un escalón más en el proceso reformista que emprendimos hace poco.

## II.

Nuestra determinación es cónsona con la nueva política pública de acceso a los procesos judiciales y acorde con el desarrollo tecnológico de nuestra sociedad.[4] Sirva, entonces, esta autorización como parte de los esfuerzos afirmativos y continuos para seguir avanzando en el proceso reformista que instituimos.

A tenor con lo anteriormente expuesto, estoy conforme con declarar ha lugar la solicitud de la prensa.


                                        Luis F. Estrella Martínez
                                              Juez Asociado

---

[4] *Véase*, Voto particular de conformidad del Juez Asociado señor Estrella Martínez emitido en In re: Establecimiento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales Celebrados en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan, 2013 T.S.P.R 45.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte:


Solicitud de la Asociación          MC-2014-035
de Fotoperiodistas de
Puerto Rico, *et al.*


RESOLUCIÓN
(NUNC PRO TUNC)

En San Juan, Puerto Rico, a 30 de enero de 2014.

Se enmienda *nunc pro tunc* nuestra Resolución del 29 de enero de 2014 para que el párrafo número seis (6) lea de la siguiente manera:

"Por otra parte, a los fines de asegurar la solemnidad y el decoro del proceso judicial, se permitirá únicamente la entrada de dos cámaras de fotografía a ser operadas por representantes de medios de prensa escrita o digital (internet). El Director de la Oficina de Prensa seleccionará, mediante sorteo, a los medios que podrán tomar fotografías dentro de la sala. Para regular el uso de cámaras fotográficas, hacemos extensivo, de forma excepcional, el Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales (Reglamento). Los gremios periodísticos deberán regirse por las disposiciones pertinentes del Reglamento, siempre y cuando no sean contrarias o incompatibles con lo aquí dispuesto. No se permitirá tomar fotografías mediante el uso de equipo electrónico adicional."

Notifíquese por teléfono, facsímil y por la vía ordinaria.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.


                              Aida I. Oquendo Graulau
                           Secretaria del Tribunal Supremo